```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
NIKOLAOS SINOPOULOS JR.,                          :
                                                  :
                           Plaintiff,             :
                                                  :          DECISION AND
              -against-                           :          ORDER
                                                  :
KILOLO KIJAKAZI, ACTING                           :          23-CV-2910 (PK)
COMMISSIONER OF THE SOCIAL                        :
SECURITY ADMINISTRATION,                          :
                                                  :
                           Defendant.             :
---------------------------------------------------------------- x
```

**Peggy Kuo, United States Magistrate Judge**:

Nikolaos Sinopoulos Jr. ("Plaintiff") filed this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to appeal the decision of the Commissioner of the Social Security Administration ("Commissioner"),[1] denying his claim for Social Security Disability benefits. ("Compl.," Dkt. 1). Plaintiff's counsel Law Office of Charles E. Binder and Harry J. Binder, LLP ("Counsel") has filed a Motion for Attorneys' Fees pursuant to 42 U.S.C. § 406(b) ("Motion," Dkt. 17; *see also* Memorandum of Law in Support ("Pl. Mem."), Dkt. 18.) For the reasons stated herein, the Motion is granted, and Counsel is awarded $32,856.50 in attorneys' fees.

### I.   BACKGROUND

In April 2005, Plaintiff applied for and was awarded child disability benefits due to his father being found disabled by the Social Security Administration ("SSA"). (Affirmation of Charles Binder, Esq. ¶ 1, Dkt. 19.) On November 6, 2015, Plaintiff turned 18, and the SSA terminated his benefits. (Binder Aff. ¶ 1.) Plaintiff appealed this determination on the basis that he was entitled to child

---

[1] Since Plaintiff filed this action, Frank Bisignano has been appointed as the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is automatically substituted for Kilolo Kijakazi as the named defendant in this action. The Clerk of the Court is respectfully requested to amend the caption accordingly.

1

disability benefits due to mental disabilities.  (Binder Aff. ¶ 1.)  Plaintiff's appeal was denied.  (Binder Aff. ¶ 1.)  Plaintiff requested an administrative hearing, which was held on June 20, 2017.  On August 28, 2018, Administrative Law Judge ("ALJ") Laura Olszewski found Plaintiff not disabled.  (Binder Aff. ¶ 1.)  Plaintiff requested review of the decision, and the Appeals Council remanded the case on April 3, 2020.  (Binder Aff. ¶ 1.)  After a second hearing and a supplemental hearing, ALJ Jason Miller found Plaintiff not disabled.  (Binder Aff. ¶ 1.)  On March 7, 2023, the Appeals Council denied Plaintiff's request for review of ALJ Miller's decision.  (Binder Aff. ¶ 1.)

On March 25, 2023, Plaintiff retained Counsel to represent him in this action.  (Binder Aff. ¶ 2; "Retainer," Ex. A to Binder Aff., Dkt. 19-1.)  The Retainer provides for a contingency fee of 25% of past-due benefits, with specific authorization for fees under 42 U.S.C. § 406(b).  (Retainer ¶ 3.)

Plaintiff filed the Complaint on April 19, 2023.  (Compl.)  After the Commissioner filed the Administrative Record (Dkt. 6), Plaintiff served his motion for judgment on the pleadings.  (Plaintiff's Letter Regarding Service of Motion, Dkt. 8).  The parties thereafter stipulated to reverse the Commissioner's final decision and remand this matter to the SSA for further proceedings.  (Dkt. 11.)  The Court granted the motion, and on January 12, 2024, the Clerk entered Judgment and remanded the case for further proceedings.  (Dkt. 13.)

Based on a stipulation entered into by the parties, the Court awarded Counsel attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $8,963.75.  (Dkt. 16.)

Upon remand to the SSA, two additional hearings were held, and ALJ Miller issued a decision that was fully favorable to Plaintiff on April 23, 2025.  (Binder Aff. ¶ 5.)  On May 6, 2025, the SSA issued a Notice of Award to Plaintiff, notifying him that he was entitled to monthly benefits beginning November 2015, and specifying that $32,856.50 was being withheld from his past-due benefits for

2

potential attorneys' fees. ("Notice" at 1-3, Ex. C to Binder Aff., Dkt 19-1.) Plaintiff was awarded $131,426.00 in past-due benefits. (Pl. Mem. at 3.)

Counsel filed the Motion on May 16, 2025, requesting that the Court approve attorneys' fees in the amount of $32,856.50 for the 36.90 hours expended by Daniel Jones, Esq. and Patrick Busse, Esq. from March 9, 2023 through January 11, 2024. ("Time Records," Ex. B to Binder Aff., Dkt. 19-1.) The Commissioner does not oppose Counsel's request for fees. (*See* Response to Motion, Dkt. 20.)

## II.   LEGAL STANDARD

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

In determining whether the requested fee is reasonable, a court considers: "(a) the character of the representation and the results achieved, (b) whether counsel was responsible for undue delay, such as a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits, (c) whether there was fraud or overreaching in the making of the contingency agreement; and (d) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney." *Munoz v. Comm'r of Soc. Sec.*, No. 20-CV-2496 (KAM), 2023 WL 5310742, at *1 (E.D.N.Y. Aug. 17, 2023) (citing *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022)).

To determine whether a fee award constitutes a windfall, courts consider four factors beyond the *de facto* hourly rate: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with

3

the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55 (2d Cir. 2022).

### III.   DISCUSSION

#### A. Timeliness

A request for an award of attorneys' fees must be filed within fourteen days of a claimant's notice of benefits calculation. *See Sinkler v. Berryhill*, 932 F.3d 83, 89 (2d Cir. 2019); Fed. R. Civ. P. 54(d)(2)(B). Counsel received the Notice on May 6, 2025, and the Motion was filed on May 16, 2025. (Binder Aff. ¶ 11.) Thus, the Motion was timely.

#### B. Reasonableness

The first three factors weigh in favor of finding the requested fee to be reasonable. There is no indication that Counsel's representation of Plaintiff was in any way substandard, *see Fields*, 24 F.4th at 853, and Counsel obtained a stipulated remand, which enabled Plaintiff to achieve the result he sought. *See Gray v. Comm'r of Soc. Sec.*, No. 20-CV-3916 (PKC), 2023 WL 3948796, at *3 (E.D.N.Y. June 12, 2023). Moreover, there is no evidence that Counsel was responsible for any undue delay, or that there was fraud or overreaching in the making of the Retainer, which provides for a contingency fee of 25%. *See Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 403-04 (S.D.N.Y. March 31, 2000).

#### C. Whether the Fee Constitutes a Windfall

The Court weighs each of the *Fields* factors to determine whether Counsel's requested award of $32,856.50 constitutes a windfall. *See Fields*, 24 F.4th at 856.

##### 1. Ability, Expertise, and Efficiency

Mr. Jones "has practiced exclusively in the area of federal court appeals of Social Security disability claims for over a decade," and Mr. Busse "has been licensed in New York for over 20 years,

4

during which he has represented thousands of claimants before the Social Security Administration." (Binder Aff. ¶¶ 8, 10.)

Counsel's ability to obtain a stipulation and order to remand Plaintiff's claim and avoid costly and time-consuming opposition and reply briefing speaks to Counsel's efficiency and effectiveness in this case. Counsel's efforts resulted in a highly successful recovery of $131,426.00, before deductions for attorneys' fees, in addition to ongoing future benefits for Plaintiff. (*See* Notice; Pl. Mem. at 3.)

Mr. Jones and Mr. Busse expended 36.90 hours in this matter. (*See* Time Records.) Most of these hours were dedicated to reviewing the Administrative Record of approximately 1,000 pages and drafting the motion for judgment on the pleadings. (*Id.*) "District courts within this Circuit endorse a twenty to forty-hour range as reasonable for a typical Social Security disability appeal in federal court." *Gabriel v. Comm'r of Soc. Sec. Admin.*, No. 20-CV-3089 (WFK)(PK), 2024 WL 5416754, at *3 (E.D.N.Y. Oct. 24, 2024) (cleaned up), *R&R adopted*, 2025 WL 552553 (E.D.N.Y. Feb. 19, 2025); *see also Rivera Hernandez v. Comm'r, Soc. Sec. Admin.*, No. 19-CV-4025 (PAE)(KHP), 2020 WL 2765866, at *3 (S.D.N.Y. May 28, 2020) (70.5 hours reasonable given administrative record over 2,000 pages). There is no indication that Counsel spent an unnecessary amount of time on any task or was otherwise inefficient. Therefore, the Court finds Counsel's hours to be reasonable.

Counsel requests an award that constitutes a *de facto* hourly rate of $890.42. Counsel's requested fee amount is within the range of hourly rates that courts in the Second Circuit have approved in other Section 406(b) cases. *See, e.g., Fields*, 24 F.4th at 854 ($1,556.98 per hour); *Duncan v. Comm'r of Soc. Sec.*, No. 20-CV-6218 (FB), 2024 WL 3594667, at *1 (E.D.N.Y. July 31, 2024) (finding that *de facto* hourly rate of $2,458.56 was reasonable even though it was "on the higher end" of hourly rates typically awarded because "it would be 'foolish to punish a firm for its efficiency'" (quoting *Fields*, 24 F.4th at 854)); *Gray*, 2023 WL 3948796, at *4 ($1,500.00 per hour); *Baron v. Astrue*, 311 F. Supp. 3d

5

633, 637-38 (S.D.N.Y. 2018) (collecting cases finding that *de facto* hourly rates between $2,100.00 and $1,072.17 were reasonable).

### 2. Nature and Length of Professional Relationship

Plaintiff retained Counsel on March 25, 2023 to represent him in this action. (*See* Retainer.) Counsel successfully obtained consent to reverse the Commissioner's adverse decision and remand Plaintiff's case for further proceedings, which ultimately resulted in a fully favorable decision. Among other tasks, Counsel reviewed Plaintiff's file regarding a potential federal court appeal, drafted the complaint and motion for judgment on the pleadings, and negotiated with the Commissioner to obtain the remand without further motion practice. (*See* Time Records.)

### 3. Satisfaction of Disabled Claimant

As a result of Counsel's work, Plaintiff received an award of benefits, both a six-figure award of past-due benefits and future monthly benefits. (*See* Notice.) "[T]here is no reason to think he is dissatisfied." *Fields*, 24 F.4th at 855; *see also Gabriel,* 2024 WL 5416754, at *4. Furthermore, Plaintiff has not objected to this fee award or the results achieved for him. *See Fields*, 24 F.4th at 855; *Hughes v. Saul*, No. 20-CV-1609 (FB), 2022 WL 2161191, at *1 (E.D.N.Y. June 15, 2022) ("There are no objections to [counsel's] expertise or the quality of his representation of [plaintiff].").

### 4. Uncertainty of the Case

Plaintiff and Counsel entered into their contingent fee agreement more than two years ago. (*See* Retainer.) "'Lawyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do;' accordingly, when operating with a contingency agreement like the one at issue here, 'payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.'" *Fortier v. Comm'r of Soc. Sec.*, No. 17-CV-1969 (KMK)(AEK), 2024 WL 4264865, at *5 (S.D.N.Y. Aug. 13, 2024) (quoting *Fields*, 24 F.4th at 855-56).

6

Plaintiff's benefits application was previously rejected, denied on reconsideration by two ALJs, and denied review before the Appeals Council, demonstrating that Plaintiff's likelihood of success on appeal was not guaranteed. (*See* Pl. Mem. at 3 ("[T]here was great uncertainty regarding whether [Plaintiff] would be found disabled given the multiple denials of his claim for benefits.").) "In light of the inherent uncertainty of social security cases, this factor also weighs in favor of the fee request." *Gabriel,* 2024 WL 5416754, at *5.

Therefore, the Court finds that the requested fee does not constitute a windfall.

Based on the above-mentioned considerations, the Court finds an award of $32,856.50 in this action to be reasonable under Section 406(b).

## IV.     REFUND OF THE EAJA FEES TO PLAINTIFF

The Supreme Court has recognized that fee awards in actions to review Social Security benefit determinations may be made under both the EAJA and under Section 406(b), "but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (alteration in original) (citation omitted). Here, Plaintiff was awarded $8,963.75 in attorneys' fees under the EAJA. (Mem. at 2; Dkt. 16.) Counsel must therefore refund this amount to Plaintiff.

## V.     CONCLUSION

Based on the foregoing, the Court grants the Motion, and Counsel is awarded $32,856.50 in attorneys' fees. Counsel is ordered to remit $8,963.75, which represents the EAJA fees previously paid to Counsel, directly to Plaintiff.

SO ORDERED:

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
       January 13, 2026

7